IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY WRIGHT                                                                            PLAINTIFF

v.                                    Case No. 1:17-cv-1037

SCOTT HARWELL                                                                          DEFENDANT

# ORDER

Plaintiff Johnny Wright filed this civil rights action pursuant to 42 U.S.C. § 1983, proceeding *pro se* and *in forma pauperis* ("IFP"). The Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

On June 1, 2017, Plaintiff filed his complaint, alleging that Defendant Scott Harwell did not investigate a report from a neighbor, Ms. Pumphrey, before arresting him, filed a misleading and false affidavit to obtain an arrest warrant, and intentionally singled out Plaintiff for malicious and unethical policing tactics. Plaintiff further alleges Defendant Harwell bore a personal animus against Plaintiff based on a prior 2006 lawsuit that Plaintiff filed against him, which Plaintiff identified as Case No. 06-CV-1089. (ECF No. 1, pp. 1-4.)

Plaintiff made the same allegations against Defendant Harwell in *Wright v. Hartwell*, Case No. 1:14-cv-1037-SOH.[1] The Court dismissed that case with prejudice on February 13, 2017. In the prior case, Plaintiff filed a notice of appeal and was given until April 3, 2017, to complete an

---
[1] Defendant Harwell's name in the previous case was misspelled as Hartwell.

application to proceed IFP on appeal or pay the filing fee. Plaintiff did neither. Instead, he filed this complaint.

It is well settled that a court may dismiss a case *sua sponte* based on the doctrine of *res judicata*:

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980)); *see also Hanig v. City of Winner, S.D.*, 527 F.3d 674, 676 (8th Cir. 2008) ("When the second action seeks redress for the same wrong, res judicata bars relitigation of a claim or an issue actually litigated or which could have been properly raised and determined in a prior action.") (internal quotation marks omitted).

In this case, Plaintiff seeks to relitigate claims against Defendant Harwell that have already been addressed—and dismissed with prejudice—in a previous case. The doctrine of *res judicata* prevents him from doing so. Therefore, the Court finds that Plaintiff's claims should be and hereby are **DISMISSED WITH PREJUDICE**. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a section 1915(g) strike flag on the case.

**IT IS SO ORDERED** this 24th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge